# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONTINENTAL INDEMNITY COMPANY, an Iowa Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>IPFS OF NEW YORK, LLC, a Limited Liability Company; and IPFS CORPORATION,<br><br>Defendants. | 8:19CV485<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Summary Judgment filed by Defendants IPFS of New York, LLC, and IPFS Corporation (collectively "IPFS"), ECF No. 23. For the following reasons, the Motion will be granted in part.

## BACKGROUND

The following facts are those submitted by the parties in accordance with NECivR 56.1 and, unless otherwise indicated, are uncontroverted.

Plaintiff Continental Indemnity Company (CNI) is an Iowa corporation with its principal place of business in Omaha, Nebraska. CNI is a property and casualty insurance company and an affiliate of Applied Underwriters, Inc. (AUI).

Defendant IPFS Corporation is a Missouri corporation with its principal place of business in Kansas City, Missouri. Defendant IPFS of New York, LLC, is a limited liability company and IPFS Corporation is its sole member.

On February 14, 2016, AGL Industries, Inc. (AGL), executed a workers' compensation policy through CNI. The policy was renewed annually.

On February 14, 2019, AGL requested that CNI renew its policy for February 14, 2019, to February 14, 2020. The total premium for the renewed policy was $913,358.[1] To finance the premium for the policy, AGL's broker, GNP Insurance Brokerage (GNP), and IPFS executed a premium finance agreement (PFA). Pursuant to the policy and the PFA, IPFS was to pay CNI $639,350.60, and AGL was to pay CNI a down payment of $274,007.40 and repay the premium to IPFS on a monthly basis. AGL assigned IPFS the right to any gross unearned premiums should the underlying policy be cancelled prematurely. On April 19, 2019, CNI cancelled the 2019 policy due to AGL's failure to pay the down payment in full.

On October 2, 2019, CNI brought this action for declaratory judgment in the District Court of Douglas County, Nebraska. Compl., ECF No. 1-1. IPFS timely removed the case on November 1, 2019. Notice of Removal, ECF No. 1. On November 8, 2019, IPFS filed its Answer and asserted several counterclaims against CNI. ECF No. 11. On January 16, 2020, IPFS filed the instant Motion for Summary Judgment, ECF No. 23.

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "Summary judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (quoting *Torgerson v. City of*

---

[1] CNI claims in its statement of facts that the total premium was $912,858, but CNI's Complaint and the copy of the PFA attached as Exhibit A to the Complaint confirm that the total premium was $913,358.

2

*Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "the absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (quoting *Celotex*, 477 U.S. at 325). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than the mere existence of some alleged factual dispute" between

3

the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Wagner*, 788 F.3d at 882 (quoting *Torgerson*, 643 F.3d at 1042). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue of material fact" for trial and summary judgment is appropriate. *Whitney*, 826 F.3d at 1076 (quoting *Grage v. N. States Power Co.-Minn.*, 813 F.3d 1051, 1052 (8th Cir. 2015)).

## DISCUSSION

The parties agree that "[a]s a result of the cancellation of the CNI Renewal Policy, IPFS was entitled a return of unearned premium . . . ." Compl., ECF No. 1 at Page ID 8. The primary issue remaining is the amount of unearned premiums to be refunded to IPFS. CNI seeks an order from the Court stating that it owes IPFS $300,435.81. IPFS asserts that CNI owes IPFS $479,512.95 and brings several counterclaims to that effect.

The parties dispute whether Nebraska or New York law applies, yet this is a "false conflict because . . . the relevant legal principles are the same in both states with respect to the issue" that is dispositive. *Leonards v. S. Farm Bureau Cas. Ins. Co.*, 279 F.3d 611, 612 (8th Cir. 2002); *see also Cotton v. Commodore Exp., Inc.*, 459 F.3d 862, 864 (8th Cir. 2006) ("We need not decide which state's law to apply because we find that the appellees would prevail under the laws of either state."); *In re Redfeather Fast Freight, Inc.*, 1 B.R.

446 (Bankr. D. Neb. 1979) ("Th[e] issue [of choice of law] need not be decided, as the results in this case are identical under the law of either jurisdiction.").

## I. Value of Unearned Premiums

The parties agree that IPFS is "entitled to a refund of unearned premium on a pro-rata basis." Pl.'s Br., ECF No. 26 at Page ID 159. The total premium of AGL's policy was $913,358.00. The term of the policy was intended to be February 14, 2019, through February 14, 2020. AGL was to make a down payment of $274,007.40. The remainder of the policy was to be financed by IPFS in the amount of $639,350.60. AGL was to pay the down payment immediately and pay the remainder of the premium to IPFS in monthly installments. On April 19, 2019, however, CNI cancelled the policy due to AGL's failure to pay the down payment in full.

To determine the unearned premium on a pro-rata basis, the amount of earned and unearned premium must be determined in proportion to the length the contract was in operation. Therefore, because the contract was only in operation for 17.5% of its term, IPFS is entitled to a return of the amount it financed less the percentage of the total premium earned during the policy's operation.

| A | B | C | D | E |
|---|---|---|---|---|
| Total Policy Amount | Percent of Contract Term | Amount Financed | Earned Premium[2] (A * B) | Unearned Premium (C – D) |
| $913,358.00 | 17.5% | $639,350.60 | $159,837.65 | $479,512.95 |

Therefore, the value of the unearned premium is $479,512.95.

## II. Count I – Declaratory Judgment

---

[2] CNI's submitted copy of the policy, amended to reflect its operative term of February 14, 2019, through April 19, 2019, includes an estimated earned premium of $163,994.02. ECF No. 28-6. While not identical, this amount is close to the amount of earned premium asserted by IPFS.

"Declaratory judgment does not lie where another equally serviceable remedy is available." *Boettcher v. Balka*, 567 N.W.2d 95, 97 (Neb. 1997) (citing *Hauserman v. Stadler*, 554 N.W.2d 798 (Neb. 1996); *Ryder Truck Rental v. Rollins*, 518 N.W.2d 124 (Neb. 1994)); *see also Automated Ticket Sys., Ltd. v. Quinn*, 455 N.Y.S.2d 799, 800 (N.Y. App. Div. 1982) ("Declaratory judgment 'is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action . . . . Where there is no necessity for resorting to the declaratory judgment it should not be employed." (quoting *James v. Alderton Dock Yards, Ltd.*, 176 N.E 401 (N.Y. 1931))). Because IPFS is entitled to judgment as a matter of law on its counterclaims of conversion and unjust enrichment, declaratory judgment is improper and unnecessary. Summary judgment is denied as to this count.

### III.    Count II – Conversion

Conversion is "any unauthorized or wrongful act of dominion exerted over another's property which deprives the owner of his property permanently or for an indefinite period of time." *Brook Valley Ltd. P'ship v. Mut. of Omaha Bank*, 825 N.W.2d 779, 787 (Neb. 2013) (quoting *Farmland Serv. Co-op v. S. Hills Ranch*, 665 N.W.2d 641, 648 (Neb. 2003)). To succeed on a cause of action for conversion, a plaintiff must show, "(1) an immediate right to possession of the property and (2) its wrongful possession by the tort-feasor." *Barelmann v. Fox*, 478 N.W.2d 548, 558 (Neb. 1992) (citing *Terra W. Corp. v. Berry & Co.*, 295 N.W.2d 693, 696 (Neb. 1980)); *see also Giardini v. Settanni*, 70 N.Y.S.3d 57, 58 (N.Y. App. Div. 2018) ("In order to succeed on a cause of action to recover damages for conversion, a plaintiff must show (1) legal ownership or an immediate right of possession to a specific identifiable thing and (2) that the defendant

exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's right." (citing *Mackey Reed Elec., Inc. v. Morrone & Assocs., P.C.*, 6 N.Y.S.3d 65 (N.Y. App. Div. 2015); *Zendler Constr. Co. v. First Adjustment Grp., Inc.*, 873 N.Y.S.2d 134 (N.Y. App. Div. 2009))).

CNI admits that it owes IPFS some amount of money that CNI has not paid to IPFS. Pl.'s Br., ECF No. 26 at Page ID 166 ("CNI acknowledges that it owes IPFS $300,435.81 which it is prepared to pay but not the $753,107.85 or $479,512.92 it claims to be owed."). Therefore, CNI admits IPFS has a right to some amount of money that CNI has retained possession of to IPFS's exclusion.

IPFS asserts for the first time in its reply brief that it is entitled to prejudgment interest under Nebraska law. "[T]he Court will not entertain arguments raised for the first time in a reply brief." *Borgheiinck v. Bolte*, No. 8:13CV322, 2014 WL 12780295, at *2 (D. Neb. Feb. 3, 2014) (citing Fed. R. Civ. P. 7(b); NECivR 7.1).

Therefore, IPFS's Motion for Summary Judgment is granted as to Count II of IPFS's Counterclaims. The Court will grant IPFS judgment as a matter of law on its claim that CNI converted $479,512.92 from IPFS.

## IV.    Count III – Unjust Enrichment

"Unjust enrichment means a transfer of a benefit without adequate legal ground. It results from a transaction that the law treats as ineffective to work a conclusive alteration in ownership rights." *City of Scottsbluff v. Waste Connections of Neb., Inc.*, 809 N.W.2d 725, 743 (Neb. 2011) (internal quotations omitted); *see also Tompkins Fin. Corp. v. John M. Floyd & Assocs.*, 41 N.Y.S.3d 577, 582–83 (N.Y. App. Div. 2016) ("A successful claim for unjust enrichment exists where a party is enriched at the claiming party's expense and

it is against equity and good conscience to permit the enriched party to retain what is sought to be recovered.") (internal quotations and modifications omitted).

Here, CNI admits that it was unjustly enriched, and only disputes the amount. Pl.'s Br., ECF No. 26 at Page ID 166 ("Other than the $300,435.81 due IPFS which CNI has been willing to pay, there is no unjust enrichment."). Therefore, IPFS's Motion for Summary Judgment is granted as to Count III of IPFS's Counterclaims. The Court grants IPFS judgment as a matter of law on its claim that CNI was unjustly enriched by $479,512.92.

Therefore,

IT IS ORDERED:

1. IPFS's Motion for Summary Judgment, ECF No. 23, is granted in part as follows:

    a. IPFS is entitled to judgment as a matter of law on Count II of its counterclaims;

    b. IPFS is entitled to judgment as a matter of law on Count III of its counterclaims;

2. IPFS's Motion for Summary Judgment is otherwise denied;

3. CNI shall remit $479,512.92 to IPFS; and

4. A separate judgment will be entered.

Dated this 16th day of March 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

8