IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONTINENTAL INDEMNITY COMPANY, an Iowa Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>IPFS OF NEW YORK, LLC, a Limited Liability Company; and IPFS CORPORATION,<br><br>Defendants. | 8:19CV485<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Alter or Amend the Judgment, ECF No. 33, submitted by Defendants IPFS of New York, LLC and IPFS Corporation (collectively "IPFS"). For the following reasons, the Motion will be granted.

## BACKGROUND

The facts are fully laid out in the Court's previous Memorandum and Order, ECF No. 31. The following is a brief summary of the facts:

Continental Indemnity Company (CNI) is a property and casualty insurance company. IPFS operates as a premium finance company.

On February 14, 2019, AGL Industries, Inc. (AGL) sought to renew a policy with CNI that had been renewed annually since 2016. AGL contracted with IPFS to finance the policy. Under the terms of the premium finance agreement, AGL was to pay CNI a down payment of $274,007.40, and IPFS was to finance the remaining premium of $639,350.60. IPFS paid the required premium to CNI. On April 19, 2019, CNI cancelled the policy due to AGL's failure to make the full down payment.

On October 2, 2019, CNI brought this action in the District Court of Douglas County seeking declaratory judgment. Compl., ECF No. 1-1. IPFS timely removed the case on November 1, 2019. Notice of Removal, ECF No. 1. IPFS brought several counterclaims against CNI. ECF No. 11. On January 16, 2020, IPFS filed a Motion for Summary Judgment, ECF No. 23. The Court granted summary judgment in favor of IPFS on March 16, 2020, and ordered CNI to remit to IPFS $479,512.92. Mem. & Order, ECF No. 31. In its Order, the Court denied IPFS's request for prejudgment interest. On April 10, 2020, IPFS filed a Motion to Amend the Judgment, ECF No. 33.

## DISCUSSION

IPFS asks the Court to amend the judgment under Federal Rule of Civil Procedure 59(e) to include prejudgment interest in the amount of $43,038.45.

A post-judgment motion for prejudgment interest is correctly brought under Rule 59(e) because it "is an element of [plaintiff's] complete compensation" and "does not 'rais[e] issues wholly collateral to the judgment in the main cause of action,' nor . . . 'require an inquiry wholly separate from the decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175–76 (1989) (quoting *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988); *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451–52 (1982)). "[A] district court has broad discretion to alter or amend a judgment under Rule 59(e) . . . ." *SFH, Inc. v. Millard Refrigerated Servs., Inc.*, 339 F.3d 738, 746 (8th Cir. 2003) (citing *Innovative Home Health Care, Inc. v. P.T.O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

Ordinarily, a motion under Rule 59(e) may only "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence . . . ."

*Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). However, a post-judgment motion for prejudgment interest is properly brought under Rule 59(e). *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 488 (8th Cir. 1992); *see also Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) ("[A] postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)."). Under such a motion, "a district court must examine—or in the case of a postjudgment motion, reexamine—matters encompassed within the merits of the underlying action." *Osterneck*, 489 U.S. at 176. Although the Court did not address the merits of prejudgment interest before entering judgment, courts have held that "[w]hile arguments presented for the first time in a Rule 59(e) motion are deemed forfeited, the grant or denial of prejudgment interest is an exception to this general rule."[1] *In re Redondo Constr. Corp.*, 678 F.3d 115, 122 (1st Cir. 2012) (citing *Bos. Gas Co. v. Century Indem. Co.*, 529 F.3d 8, 21 (1st Cir. 2008); *Crowe v. Bolduc*, 365 F.3d 86, 92–93 (1st Cir. 2004)).

"'In a diversity case, the question of prejudgment interest is a substantive one, controlled by state law[,]' and entitlement to it 'is decided under the law of the state where the cause of action arose.'" *Citron Haligman Bedecarre, Inc. v. Video Yellow Pages USA.com, Inc.*, No. 8:01CV523, slip op. at 8 (D. Neb. Nov. 5, 2004) (Riley, J., sitting by designation) (quoting *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 624 (8th Cir. 2003); *Simpson v. Norwesco, Inc.*, 583 F.2d 1007, 1013 (8th Cir. 1978)). To determine

---

[1] IPFS did request prejudgment interest before entry of judgment in its Reply Brief in Support of Summary Judgment. ECF No. 29. The Court did not reach the merits on this request because "[t]he Court will not entertain arguments raised for the first time in a reply brief." Mem. & Order, ECF No. 31 at Page ID 258 (citations omitted).

3

which state's prejudgment interest laws to apply, the Court will apply Nebraska choice-of-law rules. *Schwan's Sales Enters. v. SIG Pack, Inc.*, 476 F.3d 594, 595 (8th Cir. 2007). Under Nebraska law, "the prejudgment interest issue is procedural and the court will apply the law of the forum." *New Alliance Bean & Grain Co. v. Anderson Commodities, Inc.*, No. 8:12CV197, 2013 WL 12167720, at *5 (D. Neb. Oct. 28, 2013); *cf. Schwan's*, 476 F.3d at 597 ("[T]he issue of prejudgment interest . . . is a procedural matter for conflict-of-laws purposes under Minnesota law."). The Court will therefore apply Nebraska law regarding IPFS's request for prejudgment interest.

Under Nebraska law, prejudgment interest is provided for by statute. *Weyh v. Gottsch*, 929 N.W.2d 40 (Neb. 2019). Nebraska law provides that "interest as provided in section 45-104 shall accrue on the unpaid balance of liquidated claims from the date the cause of action arose until the entry of judgment." Neb. Rev. Stat. § 45-103.02(2). Section 45-104 provides that "[u]nless otherwise agreed, interest shall be allowed at the rate of twelve percent per annum . . . ." Neb. Rev. Stat. § 45-104. Therefore, what remains to be determined is when IPFS's cause of action arose and whether IPFS's claims were liquidated.

IPFS asserts that the cause of action arose on June 18, 2019. IPFS, believing New York law applied, requested that CNI return the unearned premium no later than 60 days from the cancellation of the policy. Whether Nebraska or New York law applies, by not returning the unearned premium on or before June 18, 2019, CNI exercised "dominion wrongfully . . . over another's personal property in denial of or inconsistent with his rights therein." *Brook Valley Ltd. P'ship v. Mut. of Omaha Bank*, 825 N.W.2d 779, 786 (Neb.

4

2013) (quoting *Polley v. Shoemaker*, 266 N.W.2d 222, 225 (Neb. 1978)). Therefore, the cause of action arose on June 18, 2019.

IPFS argues that the entire $479,512.95 judgment was liquidated, and that prejudgment interest should be awarded on the entirety of that amount. "A claim is liquidated for purposes of prejudgment interest when there is no reasonable controversy as to both the amount due and the plaintiff's right to recover." *Albrecht v. Fettig*, 932 N.W.2d 331, 342 (Neb. Ct. App. 2019) (citing *Roskop Dairy v. GEA Farm Tech.*, 871 N.W.2d 776 (Neb. 2015)). It is undisputed that at least $300,435.81 is liquidated as CNI never disputed that it owed that amount to IPFS. CNI does contest, however, that the entire amount of the judgment was liquidated. "The mere contesting of the amount of or right to recovery does not alone create a reasonable controversy. Rather, the challenge asserted must be reasonable." *Lincoln Benefit Life Co. v. Edwards*, 243 F.3d 457, 462 (8th Cir. 2001) (applying Nebraska law) (citing *A.G.A. Inc. v. First Nat'l Bank*, 474 N.W.2d 655, 658 (Neb. 1991); *Wiebe Constr. Co. v. Sch. Dist. of Millard*, 255 N.W.2d 413, 416–17 (Neb. 1977)).

CNI's challenge to IPFS's requested amount is not reasonable. IPFS was entitled to a return of the unearned premiums as acknowledged by CNI in its Complaint, ECF No. 1-1 at Page ID 8 ("As a result of the cancellation of the CNI Renewal Policy, IPFS was entitled to a return of unearned premium pursuant to and in accordance with the PFA."). CNI argues, however, that "the unearned premium due CNI . . . was a total of $338,914.79. Deducting this amount from the amount financed by IPFS equals $300,435.81." Pl.'s Br., ECF No. 35 at Page ID 277. CNI has not argued as a matter of

5

law any reasonable claim to the unearned premiums. Therefore, the entire amount of the judgment, $479,512,95, was liquidated.

Applying an annual twelve percent interest rate to $479,512.95 yields $157.65 of daily interest. The time period between the accrual of the cause of action on June 18, 2019, and the entry of judgment on March 16, 2020, was 272 days.[2] Therefore, IPFS is entitled to prejudgment interest in the amount of $42,880.80.

Accordingly,

IT IS ORDERED:

1. IPFS's Motion to Alter or Amend the Judgment, ECF No. 33, is granted; and

2. The Judgment will be amended to include prejudgment interest in the amount of $42,880.80.

Dated this 3rd day of June, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[2] IPFS states that this time period was 273 days, however the Court finds that it was 272. This accounts for the discrepancy between IPFS's request of $43,038.45 and the Court's award of $42,880.80.